## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

|  |  |  |
|---|---|---|
| C.E.R.M. | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-383-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

_____

### <u>ORDER</u>

Pending before the Court is Petitioner's application for a writ of habeas corpus (ECF No. 1). Petitioner is a native and citizen of Mexico who entered the United States more than 15 years ago without being admitted and has resided here ever since. Pet. ¶ 20, ECF No. 1; Jackson Decl. ¶ 4, ECF No. 7-1. On October 30, 2025, he was taken into United States Immigration and Customs Enforcement ("ICE") custody and has been detained since then. Pet. ¶ 21; Jackson Decl. ¶ 5. Petitioner contends that he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is not entitled to a bond hearing because he is detained under 8 U.S.C. § 1225(b)(2), which mandates detention for certain aliens, without an opportunity for a bond hearing.

As Respondents concede, though, the issue presented in this action is identical to the issue the Court decided in *J.A.M. v. Streeval*, No. 4:25-cv-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025). Based on the Court's rationale in *J.A.M.*, the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). The Court thus

grants Petitioner's petition for a writ of habeas corpus to the extent that the Court orders Respondents to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.

     **IT IS SO ORDERED**, this 26th day of November, 2025.

                    s/Clay D. Land
                    CLAY D. LAND
                    U.S. DISTRICT COURT JUDGE
                    MIDDLE DISTRICT OF GEORGIA